agreement, but where such breach is no bar to the action, it seems to us that such breach is no defense by way of counterclaim, as no such defense existed at the time the suit was brought. But were this not so, there is another reason why the judgment in this case must be affirmed. The facts set up entitle the defendants, at most, to but nominal damages. The substantial damages for a breach of such an agreement would be the enforcement of collection before the stipulated time. The simple commencement of a suit would, to be sure, be a technical breach of the agreement not to sue; but until such suit was prosecuted to final judgment, the damages could be but nominal, and for nominal damages a judgment will not be reversed. *Tate* v. *Bove*, 9 Ind. 13.

The judgment below is affirmed, with costs, and one per cent. damages.

*Thomas L. Smith* and *M. C. Kerr*, for the appellants.

*J.* and *A. B. Collins*, for the appellee.

———— ◆◆◆ ————

ARNOLD *v.* THE STATE.

APPEAL from the *La Grange* Common Pleas.

HUNTER *v.* THE STATE.

APPEAL from the *Warrick* Common Pleas.

APPLE *v.* THE STATE.

APPEAL from the *Marion* Common Pleas.

MAY *v.* THE STATE.

APPEAL from the *Cass* Common Pleas.